ACCEPTED
04-14-00620-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/23/2015 11:17:39 AM
KEITH HOTTLE
CLERK

## NO. 04-14-00620-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

10/23/2015 11:17:39 AM

KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FOURTH DISTRICT OF TEXAS
# AT SAN ANTONIO, TEXAS

## ROSA OBREGON PEREZ, ET AL

### Appellants

### v.

## THE GOODYEAR TIRE & RUBBER COMPANY

### Appellee

## MOTION FOR REHEARING EN BANC OF APPELLEE
## THE GOODYEAR TIRE & RUBBER COMPANY

J. Michael Myers
State Bar Number 14760800
James M. "Jamie" Parker, Jr.
State Bar Number 15488710
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964
Email: jparker@namanhowell.com
**ATTORNEYS FOR APPELLEE**
**THE GOODYEAR TIRE & RUBBER**
**COMPANY**

{01677854.DOCX / 4}

## Record References

Appellee will refer to the Clerk's initial record as "(CR. ___)," the First Supplemental Clerk's Record as "(CR1 ___)", the Second Supplemental Clerk's Record as "(CR2 ___)", to the sealed record as "(SR___)" and to the Supplemental Sealed record as ("SSR ___").

{03605513.DOCX / }

# Table of Contents

**Page**

Index of Authorities............................................................................................iv

Summary of Rehearing Argument ......................................................................1

Rehearing Argument .........................................................................................2

<u>Rehearing En Banc Point 1</u> ..............................................................................2

The panel incorrectly determined that it had jurisdiction over the appeal

<u>Rehearing En Banc Point 2</u> ..............................................................................4

The panel improperly substituted its opinion for that of the trial court on the trial court's discretionary decision to exclude plaintiff's expert Woehrle.

<u>Rehearing En Banc Point 3</u> ..............................................................................9

The panel's opinion ignores the *Robinson* factors and also the analytical gaps in Woehrle's testimony in deciding his reliability.

<u>Rehearing En Banc Point 4</u> ............................................................................10

Having improperly substituted its opinion for the trial court's discretion, the panel also erred in overturning the trial court's judgment on supposed design defects as Plaintiffs had no evidence of a defect in the tire in question which could support any of their claims.

Prayer...............................................................................................................13

Certificate of Compliance ...............................................................................14

Certificate of Service.......................................................................................14

{03605513.DOCX / }

# Index of Authorities

**Federal Cases**                                                                    **Pages**

*Casey v. Toyota Motor Engineering Mfg. Co North* America,
770 F. 3d 322 (Fifth Cir. 2014)...........................................................................11

*Melinda Ho v. Michelin North America, Inc.*,
2011 WL 3241466 (D. Kan. 2011)........................................................................7

*Melinda Ho v. Michelin North America, Inc.*,
520 Fed. Appx. 658 (10th Cir. 2013) ..................................................................8

**Texas Cases**

*E.I. DuPont de Nemours & Co. v. Robinson*,
923 S.W.2d 549, (Tex. 1995)...............................................................................5

*Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*,
51 S.W.3d 573 (Tex. 2001)...................................................................................3

*Gharda USA, Inc. v. Control Solutions, Inc.*,
2015 WL 2148058 (Tex. 2015)..............................................................................5

*Green v. State*,
124 S.W.3d 789 (Tex.App.- Houston [1st Dist.] 2003...........................................6

*Lehmann v. Har-Con Corp.*,
39 S.W.3d 191 (Tex. 2001)...................................................................................3

*Lopez v. Munoz, Hockema & Reed, LLP*,
22 S.W.3d 857 (Tex.2000)....................................................................................3

{03605513.DOCX / }

## SUMMARY OF ARGUMENT

The panel deciding this case has made two fundamental mistakes that the entire Court should address. The first is deciding a case in which the Court has no jurisdiction in the first place. The second is in patently using the wrong standard of review in addressing the trial court's actions.

The trial court here signed a summary judgment order that addressed all of the issues and disposed of all of the plaintiffs' claims. If, as the panel concluded, that judgment actually granted more relief than Goodyear was entitled to (i.e., granted summary judgment on unaddressed claims), that would do nothing more than make the summary judgment order erroneous. It does not salvage a late notice of appeal from any such erroneous judgment, which is what – at best -- occurred here.

Furthermore, the very language chosen by the panel shows that it used the wrong standard for assessment of the trial court's actions. Instead of giving the trial court's ruling the required deference, the panel reviewed the same evidence that was before the trial court and unapologetically substituted its own opinions as to Woehrle's supposed credentials and credibility. It further ignored Woehrle's failure to meet any of the *Robinson* criteria, and the analytical gap that exists in both his opinions and in his purported experience.

1

# REHEARING ARGUMENT

**Rehearing Point 1:** **The panel improperly determined that it had jurisdiction over the appeal**

The trial court in this case issued three separate orders relating to Goodyear's motions for summary judgment. The panel concluded that it had jurisdiction because it disagreed that "the second summary judgment order disposed of all outstanding claims." *See Opinion at Fn 2.* Specifically, the court concluded that the first two summary judgment orders had not specifically addressed one of plaintiffs' the warning claims in the Eighth Amended petition,[1] and therefore the "Final Judgment" of July 31 was actually the final appealable order in the case. This conclusion is demonstrably wrong for at least two reasons.

First, the trial court's own words belie the conclusion. In its 'Final Judgment" order of July 31, 2014, the trial court noted that it had previously granted two partial summary judgments on June 2 and July 11, 2014. (CR 3613). The trial court further noted "that **those two orders, collectively, dispose of all claims and parties before the Court...**" (CR 3613)(emphasis added). So, unlike in many cases where the trial court's intent regarding multiple orders is unknown, there is no doubt whatsoever what the trial court intended here.

---

[1] Ironically, the panel thereafter concluded that there was no evidence of such marketing defect anyway and affirmed the summary judgment on that ground.

{03605513.DOCX / }

In determining whether an order is final for purposes of appeal, the appellate court must look to "the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203, 205-06 (Tex. 2001). The record in this case clearly shows that Goodyear moved for summary judgment on all causes of action and that the trial court *specifically* indicated what order was intended to dispose of all causes of action. The panel completely ignored the trial court's own words in its ruling with no explanation whatsoever.

More importantly, Appellants never raised any error that there was an unaddressed claim in the Eighth Amended petition until oral argument in this case, and then it was only after having to concede that his brief was completely wrong in citing to the Ninth Amended petition and the claims therein. In short, the very argument upon which the panel based its jurisdictional conclusions was waived.

Finally, the panel completely ignored that the single "failure to warn" claim could not have survived the dismissal of the design defect claim on which it was based. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex.2000)(failure of a breach of contract claim necessarily defeated a claim for breach of fiduciary duty that depended on the breach of contract); *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, (Tex. 2001)(summary judgment motion encompassed dependent claims, and summary judgment on fraud issues

{03605513.DOCX / }

necessarily disposed of conspiracy and aiding and abetting claims based on those fraud claims). The sole claim the panel felt was "unaddressed" by the previous summary judgment orders inherently depended on the supposed "defect" of the lack of a nylon overlay. After the trial judge granted the second summary judgment on the design claims, there was nothing left for the trial court to address on the warning issue, which, again, was why the trial court *specifically and unambiguously* indicated that it had previously granted summary judgment on all issues in the July 31 order.

As such, the second summary judgment order of July 11 was actually the final order disposing of all claims, and the appeal was (admittedly) impermissibly late. As such, the panel erred in concluding that it had jurisdiction, and the entire court should rule that there is no jurisdiction here.

### Rehearing Point 2  The panel has improperly substituted its opinion for that of the trial court on the discretionary decision to exclude Woehrle.

The question presented to the trial court, and left to its discretion, was whether Appellants' designated expert was qualified to provide the testimony he sought to give, and whether his opinions were reliable under the *Daubert/Robinson* standards. The trial court was presented with thousands of pages of evidence on both side of the issues, and concluded – as had the United States 10th Circuit Court of Appeals on the same issues – that Appellants' expert should not be allowed to

{03605513.DOCX / }

testify as to the *sole* remaining issue in this case. The panel cited to the proper standard of review, but the opinion shows that it has undertaken an improper re-weighing of Woehrle's qualifications and credibility.

As pointed out most recently in the Supreme Court's opinion in *Gharda USA, Inc. v. Control Solutions, Inc.*, 464 S.W.3d 338 (Tex. 2015), the review of a trial court's decision to exclude an expert is based on the abuse of discretion standard. *Id.* at 347-48. That means the panel was not supposed to reverse the trial court's discretionary ruling regarding an expert unless the trial court acted *without reference to any guiding rules or principles*. *E.I DuPont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995)(emphasis added).

In *Gharda*, as here, the trial court had found the experts unreliable, but the court of appeals reversed. The Supreme Court found that the trial court had not abused its discretion, and that ruling demonstrates that the Supreme Court continues to carefully guard against improper expert testimony and overreach by reviewing courts on discretionary calls by the trial court. Unfortunately, the same overreach has occurred by the panel here in its review of the facts underlying the exclusion of Woehrle.

In reaching its conclusion that he "was qualified," the panel essentially blindly accepted only the evidence from Woehrle's self-serving affidavit, and passed over the literally hundreds of pages of evidence that Goodyear presented –

5

including the rulings from other cases based upon his testimony -- which showed that he *specifically admitted* that he was not qualified to design a tire. In fact, it appears that the panel simply adopted Appellant's brief wholesale in its description of the facts which the trial court had before it. The panel was not supposed to weigh the evidence and decide whether the trial court was correct or not. Rather, the review was supposed to be whether there was any support whatsoever for the trial court's decision regarding the expert. Rather than detail what *Goodyear* showed, and expressing how that evidence *could not support* the trial court's ruling, the panel essentially turned the abuse of discretion process on its head, and reweighed what it believed the trial court *should* have done under the facts. Reweighing was not the panel's job. *See Green v. State*, 124 S.W.3d 789, (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd)("under an abuse of discretion standard, it is not our role to reweigh the factors but to determine whether the trial court could reasonably have balanced them" and reached the conclusion it did). If this type of reweighing is allowed, the abuse of discretion standard will become meaningless, as the result will always become what a particular panel of the reviewing court feels the trial court should have done under the facts.

Goodyear supported its motion with numerous facts, any combination of which could have supported the trial court's exercise of discretion, and *none* of which appear to factor in the panel's opinion. The reason, of course, is that once

6

those facts are pointed out, the decision of the panel to ignore them shows that the panel replaced its opinion as to the reliability of the expert for that of the trial judge.

For example, Goodyear showed that Woehrle has never designed a steel belted radial tire like the one involved in this case (CR 1295-96) and has repeatedly testified that *he would not hire himself* to design a steel belted radial tire (CR 1295-97). Moreover, the panel specifically ruled that Woehrle was qualified to testify regarding the nylon overlay issue, which was the only issue that the panel found survived summary judgment. Mr. Woehrle, however, has never designed a nylon overlay for a steel belted radial tire (CR 1311), holds no patents on nylon overlays (CR 1294), has not published any scientific reliable peer reviewed literature that addresses the design of nylon overlays or their uses and benefits (CR 1348). He also specifically admitted that he is not aware of any scientific reliable peer reviewed publication that says the absence of a nylon overlay is a design defect in any tire (CR 1351). He has admitted that use of nylon overlays can cause adverse effects on the rolling resistance of a tire, affect fuel economy, add weight to a tire and create a flat spotting problem (CR 1350). He also testified in the *Ho v. Michelin* case that nylon overlays can cause issues regarding "passenger discomfort" and "costs". *See Melinda Ho v. Michelin North America, Inc.*, 2011 WL 3241466 *6 (D. Kan. 2011). How are these facts not "some evidence" in support of the trial court's finding?

7

In fact, the panel's complete disregard of the *Ho* case is telling. In *Ho*, the United States 10th Circuit Court of Appeals noted that "Woehrle's concession that he was not qualified to design a tire" and that his design theory had been ruled inadmissible in other cases were sufficient grounds on which to exclude his nylon overlay design theory there. *See Melinda Ho v. Michelin North America, Inc.*, 520 Fed. Appx. 658, 665-66 (10th Cir. 2013). The Court of Appeals did find that it was important that "Woehrle was not qualified to design tires." *Id.* To reach the conclusions it has here, the panel effectively found that the trial court could not have reasonably relied on *exactly the same grounds* that the 10th Circuit specifically found were sufficient to uphold a *Daubert* challenge *against the same witness* who *was asserting the same opinion*.

One need only look at the panel's choice of words to see its mistake. The panel examined Appellant's version of Woehrle's qualifications and determined he was "qualified to testify as an expert" and that his testimony was "reliable." *See Op. at 5, 7.* Respectfully, that is not the panel's job. It is the trial court's job to determine if an expert is qualified and his testimony is reliable, and this Court's to determine whether there is *any* reasonable evidence to support the trial court's decision, whatever it might be. The panel here looked only to the evidence that weakened the trial court's decision, not that which supported it. In short, the panel did not conduct an abuse of discretion review; it disregarded Goodyear's evidence

that supported the trial court's ruling, and substituted its own conclusions regarding the evidence instead. In other words, it is following the same trail that the court of appeals did in *Gharda*, which led to a reversal by the Supreme Court.

**Rehearing Point 3** **The panel's opinion completely ignores the "trust me, I'm the expert" problem inherent in Woehrle's testimony.**

As noted above, the panel essentially adopted Woehrle's affidavit as the basis of its opinion, despite its self-serving and one-sided nature. Specifically, the panel cited to his claims that he has "direct experience" with tire durability performance and his "supervision over" testing while at Uniroyal as the basis for its favorable ruling as to his credibility. *See Opinion at 5.* The problem with this reliance is that it is based solely on Woehrle's *ipse dixit.* The panel accepted his statements without question, and completely ignored the fact that he steadfastly refuses to describe the supposed tests he did or the specifics of his "involvement" with the testing because of confidentiality agreements. His opinion is that "based on my experiences [which I can't fully describe] and the testing that I did [which I can't talk about] it is my expert opinion that a nylon overlay should have been added to this tire." So the panel relied solely on his "say so" instead of rejecting it like every single court addressing the issue says you must do. In fact, this factor alone could have supported the trial court's ruling as to lack of reliability, yet the panel does not even mention it.

{03605513.DOCX / }

**Rehearing Point 4** **The panel's opinion effectively ignores the *Robinson* factors and also the analytical gaps in Woehrle's testimony.**

Worse still, the panel ignored that even Woehrle does not go so far as to say that a nylon overlay would have prevented the tread separation that occurred in this case. All he could ever say was that it would make the tire "more robust" not that it would have prevented the separation in this tire. He could not do so, because he repeatedly admitted that even tires with nylon overlays experience tread separations. Appellants never cited to anywhere in the record where Woehrle made any statement such as the one appearing in the Court's opinion (that "the addition of a nylon overlay was necessary to solve the tread separation defect in the tire at issue."). *See* Op at 6. In other words, rather than look through the record for any *support* for the trial court's decision to strike him (which Woehrle's own testimony above surely does) the panel found an abuse of discretion on arguments that Appellants never made (much less supported).

There is *nothing* in this record which would demonstrate that a nylon overlay would have prevented the tread separation *in this tire*, much less the accident itself. So, in addition to the qualification questions, the trial court could have easily also excluded Woehrle because of the analytical gap inherent in his nylon overlay conclusions.

It was part of Appellants' burden in responding to the no-evidence motion for summary judgment to demonstrate that an alternative design would have

10

prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death. *Casey v. Toyota Motor Engineering Mgf Co North America*, 770 F. 3d 322 (Fifth Cir. 2014). Appellants *never* did this here. In fact, the *Gharda* court specifically rejected the very analysis the panel has made here. Noting that the expert's testimony established only that the "manufacturing process *could* have resulted in a contaminated product does not establish that it *did* in this case." *See Gharda* at 349 (emphasis added). Assuming everything in his favor, the best Woehrle could say is that the nylon overlay would have made the tire more robust, not that it would have *prevented* the result here, and he did not perform testing to quantify anything related to this accident anyway. Even assuming that it "could have" prevented the tread belt separation, even Woehrle does not say that it "would have." As such, his testimony failed for the same reason as did that of the indisputably qualified experts in *Gharda*. In other words, even completely ignoring the multitude of problems with his qualifications, Woehrle's opinions do not meet the *Gharda* standards, and the panel here is ignoring the Supreme Court's recent ruling in *Gharda* to reach the result it does.

Taking the issue to its core, this Court need only ask itself what supposed defect in the tire caused this tread separation event? Appellants agreed that they had no manufacturing defect claim. *See Opinion, Fn 1.* Their only design claim related to the nylon overlay, not to anything that actually *caused* the separation

{03605513.DOCX / }

event. Yet, Woehrle agreed that nylon overlays do not prevent tread separations. The analytical gap – here an actual chasm – is that Woehrle does not, and cannot establish that the supposed defect made any difference at all in this case under *Gharda*. The trial court properly recognized this analytical gap in the Appellants' claims, which was amply supported by the evidence before him. The panel's decision to completely ignore the issue simply cements that the abuse of discretion review was secondary to the panel's own "finding" that the expert should be allowed to testify. This Court, as a whole group, should reconsider whether the panel's re-weighing of the evidence should be allowed to stand.

## CONCLUSION

Goodyear hopes that this Court as a whole takes the opportunity to revisit the panel's mistakes in this case. Put simply, the court had no jurisdiction to address this case. In any event, if it examines the evidence that *supported* the trial court's exercise of discretion instead of that which allegedly undermined it, it is clear that there was no abuse of discretion here and the trial court's decision should be affirmed.

S

{03605513.DOCX / }

## Prayer

For all the reasons set forth above, The Goodyear Tire & Rubber Company respectfully requests that the Court grant this motion for rehearing and for such other and further relief to which it may be entitled.

Respectfully Submitted,

_____

James M. "Jamie" Parker, Jr.
State Bar Number 15488710
J. Michael Myers
State Bar Number 14760800
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964
Email: jparker@namanhowell.com

**ATTORNEYS FOR APPELLEE THE GOODYEAR TIRE & RUBBER COMPANY**

13

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent on the 2²ᵈ day of October 2015, to the following, as shown below:

William G. Neumann, Jr.
Hagood & Neumann
1520 E. Highway 6
Alvin, Texas 77511
281-331-5757
281-331-1105 (fax)

JAMES M. PARKER, JR

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-face and length requirements of amended rule 9.4 of the Texas Rules of Appellate Procedure. Exclusive of exempted portions stated in amended rule 9.4(i)(1), the brief contains 2,949 words, as calculated by Microsoft Word, the program used to prepare this document. This amount, when added to the previous briefing in the case, does not exceed the maximum limits under Rule 9.4(i)(2)(B).

JAMES M. PARKER, JR

14

{03605513.DOCX / }